IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TORRIE MCKINLEY DAVIS,              )
                                    )
                Petitioner,          )
                                    )
        v.                           )      1:08CV121
                                    )
ANTHONY HATHAWAY, III,              )
                                    )
                Respondent.          )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF MAGISTRATE JUDGE ELIASON

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 2.) On December 19, 2002, in the Superior Court of Guilford County, Petitioner pled guilty to second-degree murder in case 01 CRS 23253. On January 10, 2003, he was sentenced to 250 to 309 months of imprisonment. Petitioner did not file a direct appeal and the record does not indicate that he sought any relief in the state courts at all. He dated his petition to this Court on February 1, 2008 and filed it February 19, 2008. Respondent has moved to have the petition dismissed (Docket No. 9). Despite having been informed of his right to respond (Docket No. 11), Petitioner has not responded to that motion.

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when a petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Clay v. United States, 537 U.S. 522 (2003); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). Where no direct appeal is filed, the conviction becomes final when the time for filing a notice of appeal expires. See Clay.

The one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state

post-conviction relief. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

Here, Petitioner's judgment was entered on January 10, 2003. He did not file a direct appeal, meaning that his conviction became final fourteen days later when the time for filing a notice of appeal expired. N.C. R. App. P. 4(a). His time under § 2244(d) then began to run. It expired a year later without his having filed either his petition in this Court or any motion for collateral review in the state courts which would have tolled the running of the time limit. Therefore, his time to file expired in early 2004, more than four years before he filed his current petition. The petition is far out of time.

As already stated, Petitioner has not filed a response to the motion to dismiss. In the petition itself, Petitioner appears to acknowledge that his petition is out of time. However, he argues that it should be considered anyway because he is actually innocent. The argument appears to confuse the AEDPA time limit with the entirely separate concept of procedural bar. Although actual innocence can play a part in a procedural bar analysis, there is not an actual innocence exception to the AEDPA time limit. The strength and nature of a petitioner's claims are not considered as part of the time-bar analysis. See Rouse v. Lee, 339 F.3d. 238, 251 (4th Cir. 2003). The petition should be dismissed for being out of time.

It is also true that the Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject

to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d 1269. Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. Akins, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, supra. Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in

order to have equitable tolling available to him.  <u>Coleman</u>, 184 F.3d at 402.

Here, Petitioner has made no argument supporting equitable tolling and no circumstances that would allow for tolling are apparent in the record.  Petitioner has shown no diligence whatsoever in pursuing his claims.  Equitable tolling is simply not applicable in the present case.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 9) be granted, that the petition (Docket No. 2) be dismissed, and that Judgment be entered dismissing this action.

_____
**United States Magistrate Judge**

December 2, 2008